UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                      Case No. 92-CR-81127-33

JOHN GORDON,                                             HON. AVERN COHN

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION AND CORRECTION OF SENTENCE PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, 18 U.S.C. § 3582(c)(2) (Doc. 2106)

I.

This is a criminal case. Before the Court is defendant John Gordon's Motion for Reduction and Correction of Sentence Pursuant to Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(2). For the reasons that follow, the motion is DENIED.

II.

In 1995, defendant was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal. <u>United States v. Polk, et al.</u>, Nos. 96-1492/1512/1533/1534/1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished). The Supreme Court denied certiorari. <u>United States v. Gordon</u>, No. 99-6910.

Defendant then filed a motion to vacate his sentence under 28 U.S.C. § 2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of

counsel. See Gordon v. United States, 00-75355 (E.D. Mich.). The Court denied the motion and a certificate of appealability. The Sixth Circuit also denied a certificate of appealability. See Gordon v. United States, No. 01-1503 (6th Cir. Dec. 14, 2001).

Thereafter, defendant filed several motions challenging his conviction and sentence. None of them were successful.

## III.

Defendant now moves for relief under 18 U.S.C. § 3582(c)(2), which provides in relevant part:

> (1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

As the government points out in its response, defendant has not argued that the sentencing commission changed his guideline range. Instead, defendant argues that Apprendi v. New Jersey, 530 U.S. 466 (2000), entitles him to relief. Defendant is mistaken. First, the Sixth Circuit has clearly held that Apprendi is not retroactive to cases on collateral review. See Goode v. United States, 305 F.3d 378, 385 (6th Cir. 2002). Second, even if Apprendi could be invoked, the defendant's maximum sentence–life in prison–would not be increased by facts not found by the jury. Finally,

2

an <u>Apprendi</u> claim is not properly the subject of a motion under § 3582(c)(2). See <u>United States v. McBride</u>, 283 F.3d 612, 616 (3d Cir. 2002); <u>United States v. Smith</u>, 241 F.3d 546 (7th Cir. 2001).

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 2, 2012

I hereby certify that a copy of the foregoing document was mailed to John Gordon, 20211039, Devens Federal Medical Center, Inmate Mail/parcels, P.O. Box 879 Ayer, Ma 01432 and the attorneys of record on this date, May 2, 2012, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160