UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,          Case Number: 92-81127-33

v.                                         HONORABLE AVERN COHN

JOHN GORDON,

    Defendant/Petitioner.
_____/

## ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2255 (Doc. 2113) TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

I.

This is a criminal case. It has a long procedural history due to many post-conviction filings. This order details only some of the history. This is Defendant/Petitioner's John Gordon (Petitioner) third attempt at a motion under § 2255. As such, it will be transferred to the Court of Appeals for the Sixth Circuit for a determination of whether Petitioner may pursue the motion.

II.

In 1995, Petitioner was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Sixth Circuit affirmed his conviction and sentence on direct appeal. United States v. Polk, et al., Nos. 96-1492/1512/1533/1534/1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished). The Supreme Court denied certiorari. United States v. Gordon, No. 99-6910.

Thereafter, in December 2000, Petitioner filed his first motion under 28 U.S.C. §

2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of counsel. (Doc. 1765). The Court denied the motion. (Doc. 1773). The Court denied a certificate of appealability. (Doc. 1792). The Sixth Circuit also denied a certificate of appealability. See Order in 01-1503, filed December 19, 2001 (Doc. 1869). Rehearing was denied on March 21, 2002. The Supreme Court again denied certiorari.

Thereafter, Petitioner filed several motions in which he sought to again challenge his conviction. The Court subsequently construed one of Petitioner's motions, challenging his conviction on the grounds it violated the Supreme Court's decision in Crawford v. Washington, 541 U.S. 31 (2004), as a successive petition under § 2255 and transferred the matter to the Court of Appeals for the Sixth Circuit. (Doc. 1933). The Sixth Circuit denied permission to file the motion. (Doc. 1973).

Now, on June 8, 2012, Petitioner has submitted another § 2255 motion, claiming that he is entitled to relief based on the Supreme Court's decision in DePierre v. United States, 131 S.Ct. 2225 (2011). (Doc. 2113).

III.

Before a successive motion to vacate sentence is filed in a federal district court, a Petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence. 28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997). Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631. Id. (citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)). A district court does not have jurisdiction to entertain a successive post-conviction motion

2

or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Accordingly, the Court TRANSFERS this matter to the Sixth Circuit under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate under 28 U.S.C. § 2255.

SO ORDERED.

  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2012

I hereby certify that a copy of the foregoing document was mailed toJohn Gordon, 20211039, Devens Federal Medical Center, Inmate Mail/parcels, P.O. Box 879, Ayer, MA 01432 and and the attorneys of record on this date, June 18, 2012, by electronic and/or ordinary mail.

  S/Julie Owens
Case Manager, (313) 234-5160