UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                              Case No. 92-CR-81127-33

JOHN GORDON,                                           HON. AVERN COHN

    Defendant.

_____/

**ORDER REGARDING DEFENDANT'S MOTION UNDER 18 U.S.C. § 3582(c)(2)
AND
DENYING DEFENDANT'S MOTION TO STRIKE SUR-REPLY AND FOR
REASSIGNMENT (Doc. 2121)**

I.

This is a criminal case. In 1995, defendant was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal. United States v. Polk, et al., Nos. 96-1492/1512/1533/1534/1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished).

II.

On March 26, 2012, defendant filed a "Motion for Reduction and Correction of Sentence Pursuant to Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(2)." (Doc. 2106). The Court, following a response by the government (Doc. 2108), denied the motion. (Doc. 2109). Defendant then filed a motion under Fed. R. Civ. P. 60(b)(3).

(Doc. 2110).  Defendant asked the Court for relief from the Court's denial of his § 3582 motion because he says he never received a copy of the government's response and therefore did not have an opportunity to address the government's arguments.  The Court then issued an order which included a copy of the government's response and gave defendant ten days to file an opposition to the government's response.  (Doc. 2111).  Defendant filed a reply to the government's response (Doc. 2117).  The Court then directed the government to file a sur-reply and permitted defendant to file a response to the sur-reply on or before July 20, 2012.  (Doc. 2117).  The government filed a sur-reply.  (Doc. 2118).  Defendant did not file a response to the government's sur-reply, but instead filed a motion to strike the sur-reply and for reassignment.  (Doc. 2121).

III.

The Court has reviewed all of the papers.  Defendant is not entitled to relief under § 3582(c)(2).  Simply put, defendant has not shown a change in the guidelines which would affect his drug sentence.  Moreover, even if defendant were able to obtain some relief from his drug sentence, which he has not established, his life sentence for intentional killing remains.

As to defendant's motion, there is no basis to strike the sur-reply brief.  The Court directed the government to file the sur-reply brief to ensure a complete record and gave defendant an opportunity to respond to the sur-reply.

Regarding the request for reassignment, defendant says the Court is biased against him and asks the Court to recuse itself.  Defendant, however, has not established that disqualification is required or that the Court's impartiality might

reasonably be questioned.  See 28 U.S.C. § 455(a); Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990).

IV.

Defendant is not entitled to relief under § 3582(c)(2).  Defendant's motion to strike and for reassignment is DENIED.

SO ORDERED.

     s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 1, 2012, by electronic and/or ordinary mail.

     s/Julie Owens  
Case Manager, (313) 234-5160